CLD-197                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1777
_____

FRED MINOR,
                                        Appellant

v.

MICHAEL D. OVERMYER, Superintendent for SCI Forest, being sued in his individ-
ual/official capacity; D. F. OBERLANDER, Deputy Superintendent for SCI Forest Facil-
ity Management, being sued in his individual/official capacity;
J. W. SAWTELLE, Deputy Superintendent for SCI Forest Centralized Services, being
sued in his individual/official capacity; KERI MOORE, PA Department of Corrections
SOIGA Grievance Examiner, being sued in her individual/official capacity;
DAVID KRAYNAK, Sergeant for SCI Frackville, being sued in his individual capacity;
I. GUSTAFSON, PREA/Unit Manager for SCI Forest, being sued in his individual ca-
pacity; E. IRELAND, Previous Corrections classification and program manager for SCI
Forest, being sued in her individual capacity
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1:18-cv-00353-001)
District Judge: Honorable Susan Paradise Baxter
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
on July 14, 2022

Before: AMBRO, SHWARTZ, and BIBAS, Circuit Judges

(Opinion filed: July 20, 2022)
_____

_____

**PER CURIAM**

Pennsylvania state prisoner Fred Minor appeals pro se from the District Court's deci-

sion to grant summary judgment against him in this civil rights action that he filed pursu-

ant to 42 U.S.C. §1983.  For the reasons that follow, we will summarily affirm that judg-

ment.

I.

Minor is serving an 18-to-36-year prison sentence imposed against him in 2004.  In

2016, the Pennsylvania Department of Corrections transferred him from the State Correc-

tional Institution at Frackville ("SCI-Frackville") to the State Correctional Institution at

Forest ("SCI-Forest").  "At the time of his transfer, Minor was on administrative custody

status, meaning he had fewer privileges than other inmates and was housed under more

restrictive conditions."  Mag. J. Report 2.  When Minor arrived at SCI-Forest on June 30,

2016, his administrative-custody status was continued.  As a result, he was placed in SCI-

Forest's restricted housing unit ("RHU").

On July 7, 2016, SCI-Forest's Program Review Committee ("PRC") met with him to

discuss his custody status.  The PRC's written report for that meeting indicated that Mi-

nor had been transferred from SCI-Frackville to SCI-Forest after he assaulted a staff

member.  The PRC recommended that Minor be moved from SCI-Forest's RHU to its

_____

[*]  This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

"Step-Down Unit" ("SDU"), the latter of which is a sub-unit within the prison's general-population unit. The SDU program is a three-phase program designed "to reinforce pro-social and positive behaviors for inmates transitioning from [Disciplinary Custody] status back to general population." Dist. Ct. Docket # 53-6, at 3. When an inmate begins the program, certain privileges are limited. See id. at 3–4. Once the inmate completes a phase of the program, he "steps down" to the next phase and receives additional privileges. See id. at 4-5. After completing the program, an inmate is discharged from the SDU to a general-population unit with no restrictions. See Dist. Ct. Docket # 53-4, at 2; Dist. Ct. Docket # 53-6, at 4, 6.

Per the PRC's recommendation, Minor was placed in the SDU. In the months that followed, he filed a few grievances related to that placement and/or the conditions in the SDU; each of those grievances was denied. On November 3, 2016, the SDU's unit manager, Ian Gustafson, issued an "Other Report," stating that Minor was being placed in administrative custody pending PRC review for "refusing to participate in SDU groups." Dist. Ct. Docket # 53-7. The same day, Minor was moved to the RHU. He remained in the RHU until December 2, 2016, the day after the PRC recommended his release to "General Population." Dist. Ct. Docket # 53-8.

Minor subsequently filed this pro se civil rights action in the District Court against Gustafson, SCI-Forest's superintendent (Overmyer), three members of the PRC (Oberlander, Sawtelle, and Ireland),[1] and a grievance officer (Moore), raising several

---

[1] Sawtelle was a member of the PRC when it made its July 7, 2016 recommendation to place Minor in the SDU. Ireland was a member of the PRC when it made its December

constitutional claims related to Minor's time in the SDU and his second stint in the RHU.[2] The defendants eventually moved for summary judgment, which Minor opposed. A United States Magistrate Judge then issued a report recommending that the District Court grant the defendants' motion. On March 31, 2022, the District Court, over Minor's objections, adopted the report and granted summary judgment in favor of the defendants. This timely appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's grant of summary judgment under a plenary standard, see Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 141 (3d Cir. 2017), and we may summarily affirm that judgment if this appeal fails to present a substantial question, see 3d Cir. I.O.P. 10.6. Summary judgment is appropriate when the movants "show[ ] that there is no genuine dispute as to any material fact and the movant[s] [are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although the non-movant's evidence "is to be believed, and all justifiable inferences are to be drawn in his favor in determining whether a genuine factual question exists," summary judgment should be granted "unless there is sufficient evidence for a jury to reasonably find for the non-movant." Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011) (internal

---

1, 2016 recommendation to move Minor from the RHU to "General Population." Oberlander was a member of the PRC on both of those occasions.

[2] The complaint also named a prison official from SCI-Frackville (Kraynak) as a defendant, but Minor later voluntarily dismissed his claims against that defendant.

4

quotation marks omitted).

III.

The Magistrate Judge's analysis in support of his recommendation, which the District Court adopted, proceeded as follows. First, the Magistrate Judge determined that all of Minor's conditions-of-confinement claims, all of his other claims against Overmyer and Moore, and all but one of his other claims against Ireland failed "because the record does not support their personal involvement in any actionable conduct alleged by Minor." Mag. J. Report 9; see Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (explaining that an individual defendant in a civil-rights action "must have personal involvement in the alleged wrongdoing" (citation to quoted case omitted)). Second, the Magistrate Judge determined that Minor's due process claims lacked merit. In making this determination, the Magistrate Judge stated, inter alia, that a liberty interest protected by the Due Process Clause was not implicated by Minor's initial placement in the SDU, his subsequent transfer to the RHU for about a month, or his return to "General Population." See Fantone v. Latini, 780 F.3d 184, 189 (3d Cir. 2015) (explaining that Sandin v. Conner, 515 U.S. 472 (1995), "provides that an inmate's liberty interests generally will be limited to freedom from restraint imposing 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life'" (quoting Sandin, 515 U.S. at 484)); Griffin v. Vaughn, 112 F.3d 703, 706–08 (3d Cir. 1997) (concluding that 15-month confinement in administrative custody was not an atypical and significant hardship).[3]

---

[3] The Magistrate Judge appeared to interpret the phrase "General Population" as referring to the SDU. See Mag. J. Report 14. To the extent that the PRC was actually

5

Lastly, the Magistrate Judge considered Minor's two retaliation claims that had met the personal-involvement requirement for § 1983 claims. Minor's first retaliation claim alleged that Oberlander and Sawtelle, as members of the PRC, had recommended placing him in the SDU in retaliation for a then-pending lawsuit that Minor had filed against prison officials at SCI-Frackville. Minor's second retaliation claim alleged that Gustafson had issued his "Other Report" in retaliation for Minor's filing grievances. In rejecting these claims, the Magistrate Judge concluded, inter alia, that "even if Minor had presented prima facie evidence against any of these three Defendants, they have demonstrated that they would have taken the same actions absent any alleged retaliatory motive." Mag. J. Report 17; see Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007) ("A defendant may defeat the claim of retaliation by showing that it would have taken the same action even if the plaintiff had not engaged in the protected activity.").

We have nothing more to add to the Magistrate Judge's careful and cogent analysis. For substantially the reasons set forth in the Magistrate Judge's report, which the District Court adopted, we see no reason to disturb the District Court's grant of summary judgment in favor of the defendants. Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment.

---

recommending that Minor be moved to a non-SDU general-population unit—an even less restrictive placement than the SDU—the Magistrate Judge's no-liberty-interest determination would have been appropriate in that situation, too.